U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 11 2009
CLERK, U.S. DISTRICT COURT
By _____
          Deputy

3-09CV-877-D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

**ORIGINAL**

MOTION UNDER 28 U.S.C. SECTION 2255,
TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A
PERSON IN FEDERAL CUSTODY

| | |
|---|---|
| UNITED STATES OF AMERICA | SAFFORD FCI |
| | PLACE OF CONFINEMENT |
| vs. | 33474-177 |
| | PRISONER ID NUMBER |
| OSVALDO CISNEROS-GUTIERREZ | 3:05-CR-125-D(02) |
| MOVANT (full name of movant) | CRIMINAL CASE NUMBER |

(If a movant has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

## INSTRUCTIONS - READ CAREFULLY

1. This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

2. Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities needs to be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3. Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

4. If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute the declaration provided with this motion, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

5. Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

6. Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

7. When the motion is fully completed, the original and two copies must be mailed to the Clerk of the United States District Court for the Northern District of Texas at the appropriate divisional office whose address is:

| Abilene Division | Amarillo Division | Dallas Division | Fort Worth Division |
|---|---|---|---|
| P.O. Box 1218 | 205 E. 5th St, Rm 133 | 1100 Commerce, Rm 1452 | 501 W. 10th St, Rm 310 |
| Abilene, TX 79604 | Amarillo, TX 79101 | Dallas, TX 75242 | Fort Worth, TX 76102 |

| Lubbock Division | San Angelo Division | Wichita Falls Division |
|---|---|---|
| 1205 Texas Ave., Rm 209 | 33 East Twohig St, Rm 202 | P.O. Box 1234 |
| Lubbock, TX 79401 | San Angelo, TX 76903 | Wichita Falls, TX 76307 |

8. Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

# MOTION

1. Name and location of court that entered the judgment of conviction you are challenging:

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

2. Date of the judgment of conviction:

October 16, 2006

3. Length of sentence:   292 Months Imprisonment, 3-years Supervised Release & $100 MSA.

4. Nature of offense involved (all counts):

Count 1 of Superseding Indictment:
Conspiracy to Possess With the Intent to distribute in Excess of 500 Grams of Methamphetamine in violation of 21 U.S.C. §§ 846 & 841(a)(1) & (b)(1)(A)

5. (a) What was your plea? (Check one)

   Not guilty ☒     Guilty ☐     Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☒   Judge Only ☐
7. Did you testify at the trial? (Check one)                            Yes ☐    No ☒
8. Did you appeal from the judgment of conviction? (Check one)          Yes ☒    No ☐
9. If you did appeal, answer the following:

   Name of Court:  United Court of Appeals for the Fifth Circuit

   Result:         Affirmed

   Date of result: February 13, 2008

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

    Yes ☐    No ☒

11. If your answer to 10 was "Yes" give the following information:

    Name of Court: _____

    Nature of proceeding:

    Grounds raised:

    Did you receive an evidentiary hearing on your petition, application or motion?

    Yes ☐    No ☐

    Result: _____

    Date of result: _____

    As to any *second* petition, application or motion, give the same information:

    Name of Court: _____

    Nature of proceeding:

    Grounds raised:

    Did you receive an evidentiary hearing on your petition, application or motion?

    Yes ☐    No ☐

    Result: _____

    Date of result: _____

As to any *third* petition, application or motion, give the same information:

Name of Court: _____

Nature of proceeding:

Grounds raised:

Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐     No ☐

Result: _____

Date of result: _____

Did you appeal to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

| | | |
|---|---|---|
| First petition, etc. | Yes ☐ | No ☐ |
| Second petition, etc. | Yes ☐ | No ☐ |
| Third petition, etc. | Yes ☐ | No ☐ |

If you did not <u>appeal</u> from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

> **CAUTION:** If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you <u>should raise in this petition all available grounds</u> (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

<u>DO NOT CHECK ANY OF THESE LISTED GROUNDS.</u> If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right to appeal.

A.	Ground One:

Trial Counsel, Mark Bennett and Lars R. Isaacson, rendered ineffective assistance of Counsel under the Sixth Amendment by failing to file any PreTrial Motions on behalf of the Defendant such as: Motion for Discovery; Request for Rule 404(b) of the Federal Rules of Evidence [Material]; Motion for *Brady/Giglio* Material; Motion to Compel Agents to Preserve Rough Notes; Motion for Identity of Confidential Informants ("CI") and for Equal Access to for Purposes of Interview; and a Motion to Dismiss for Want of Sufficiency, etc.

Supporting FACTS (tell your story briefly without citing cases or law):

(1) The record in this instance speaks for itself. The U. S. District Court Docket Report reflects that absolutely no such Pretrial Motions were ever filed by counsel on the Defendant's behalf.
(2) Such fundamental PreTrial Motions are essential in the development and evaluation in assessing the strengths and weaknesses of the government's case and would have aided the defense in the decisional process of whether to negotiate a Plea Agreement or to proceed to trial.

B.	Ground Two:

Trial Counsel Rendered Ineffective Assistance of Counsel at Trial.

Supporting FACTS (tell your story briefly without citing cases or law):

(1) Trial counsel failed to object to the government's calling Edgardo Gutierrez (Movant's brother) as a witness against Movant in that the government's primary purpose in calling Edgardo was to put otherwise inadmissible evidence before the jury under the guise of impeachment.
(2) Trial counsel never objected despite indications that Edgardo was a problematic witness for the government.
(3) The government admitted at Pretrial that Edgardo might be adverse
(4) Trial counsel had ample opportunity after the Court declared Edgardo an adverse witness to object.
(5) Trial counsel's motion for judgment of acquittal focuses only on the sufficiency of the evidence; it did not alert the Court to the government's alleged improper conduct.
(6) A Memorandum of Law in support of this Ground will be forthcoming.

C.	Ground Three:

Trial Counsel Rendered Ineffective Assistance of Counsel after Trial and at Sentencing.

Supporting FACTS (tell your story briefly without citing cases or law):

(1) Trial counsel failed to file a Motion for a New Trial.
(2) Sentencing counsel failed to file proper Objections to the Presentence Report.
(3) Sentencing counsel failed to properly argue sentencing issues which would have had a significant impact on Movant's final Sentence.
(4) A Memorandum of Law in support of this Ground will be forthcoming.

D. Ground Four:

An Evidentiary Hearing and Discovery Hearing Is Necessary to Resolve Factual Matters in and Out-of-the-record to Expand the Record and to Significantly Aid the Court in the Decisional Process.

Supporting FACTS (tell your story briefly without citing cases or law):

(1) Movant has raised a claim of ineffective assistance of counsel, resolution of which will, in all probability, ultimately rely on facts occurring in and outside-of-the-record. It is essential to conduct an Evidentiary Hearing to further establish ineffective assistance of counsel claims. Furthermore, if the Court takes Movant's allegations as true, he is entitled to relief.
(2) A Memorandum of Law in support of this Ground will be forthcoming

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

INEFFECTIVE ASSISTANCE OF COUNSEL GROUNDS ARE NOT PROPERLY PRESENTED ON DIRECT APPEAL.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
   Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At preliminary hearing:
   John A Mackintosh , Jr
   Thompson & Knight
   1722 Routh St
   Suite 1500
   Dallas, TX 75201-2533

(b) At arraignment and plea:

Mark Bennett
Bennett & Bennett
735 Oxford Street
Houston, TX 77007

(c) At trial:

| | |
|---|---|
| Mark Bennett | Lars R Isaacson |
| Bennett & Bennett | Lars Robert Isaacson |
| 735 Oxford Street | Attorney at Law |
| Houston, TX 77007 | Suite 100 |
| | Lewisville, TX 75057 |

(d) At sentencing:

Mark Bennett
Bennett & Bennett
735 Oxford Street
Houston, TX 77007

(e) On appeal

Brenda Grantland, Esq.
20 Sunnyside, Suite A-204
Mill Valley, CA 94941

(f) In any post-conviction proceeding:

Steven Jay Rozan
Steven Jay Rozan & Associates
Attorneys at Law
2777 Allen Parkway, 10th Floor
Houston, Texas 77019

(g) On appeal from any adverse ruling in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

    Yes ☐  No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    Yes ☐  No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future:

    (b) And give date and length of sentence to be served in the future:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

    Yes ☐  No ☒

    Wherefore, movant prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

/s/STEVEN JAY ROZAN
Signature of Attorney (if any)
STEVEN JAY ROZAN & ASSOCIATES
Firm Name
2777 ALLEN PARKWAY, 10TH FLOOR
Address
HOUSTON, TEXAS 77019
City, State & Zip Code
713/627-3608
Telephone (including area code)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on       MAY 12, 2009       (date).