IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

OSVALDO CISNEROS-GUTIERREZ, §
  Defendant-Petitioner, §
         §  NO. 3:09-CV-877-D (BF)
         §   (3:05-CR-125-D-2)
         §
UNITED STATES OF AMERICA, §
  Plaintiff-Respondent. §

**PETITIONER'S REPLY TO [GOVERNMENT'S] RESPONSE IN
OPPOSITION TO MOTION UNDER 28 U.S.C. § 2255**

COMES Defendant-Petitioner, OSVALDO CISNEROS-GUTIERREZ ("Gutierrez"), through Counsel and in support of this Reply would show as follows:

I.

Contrary to the government contention, Gutierrez's claims of ineffective assistance of counsel easily meet the *Strickland* test of ineffective assistance of counsel.

Gutierrez claims in his Motion to Vacate, Set-Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§2255 Motion") that his trial counsel rendered ineffective assistance of counsel as follows:

A. Failure to File Pretrial Motions

Trial counsel, Mark Bennett and Lars R. Isaacson, **never** filed any Pretrial Motions such as: a Motion for Discovery; a Motion for *Brady/Giglio* Material; a

Motion to Compel Agents to Preserve Rough Notes; a Motion to Suppress Evidence; a Motion for Disclosure of any Confidential Informants and for Equal Access for Purpose of Interview; a Motion for Notice under 404(b) F.R.Cr.P.; and/or a Motion to Dismiss Indictment for Want of Sufficiency. Such fundamental Pretrial Motions are essential in the development and evaluation in assessing the strengths and weaknesses of the government's case and would have aided the defense in the decisional process of whether to negotiate a Plea Agreement or to proceed to trial. By anyone's measure who practices federal criminal law, regardless of which side; the filing of these all important Motions, which are there for a reason, would naturally and understandably breed results in the form of documentary evidence, potential exculpatory evidence and/or solid rationale to impeach the credibility of government informants, all of which either individually or in totality could bear fruit for defense counsel in the eyes of the jury. That without them, defense counsel is flying blind and wholesale advantage of him can be taken by the government who never had to respond in writing as to their position on these respective Motions. For the government to consider this issue as "insufficient conclusory allegations", is simply incorrect. For example, a Motion for Disclosure of any Confidential Informants and for Equal Access for Purpose of Interview could have easily revealed that the government intended to call co-defendant and brother, Edgardo Gutierrez

2

("Edgardo") as a hostile witness against Gutierrez and defense counsel for Gutierrez would have had the Pretrial opportunity to interview Edgardo and determine for himself Edgardo's posture. This ultimately became a very real and complex issue and event for the Court. Had trial counsel put the government to the test by filing Pretrial Motions, it is glaringly obvious that the "speculation" that the government referenced in their Response would have been obviated and the use of same would have surfaced in trial. Defense counsel would have been prepared with a Trial Memorandum for use by the Court and the probability of exposing the government's transparent veneer in the manipulation of Edgardo would have been revealed, thereby allowing the Court to persuasively deny the use by the government of Edgardo's Factual Resume attendant to his Plea Agreement.

B.   <u>Failure to Object at Trial to Government Calling Edgardo Gutierrez as a Government Witness</u>

Trial counsel failed to object to the government's calling Edgardo as a witness against Gutierrez. Counsel "never objected despite indications that Edgardo was a problematic witness for the government." See page-8, Fifth Circuit Opinion dated February 13, 2008. The government's primary purpose in calling Edgardo as a witness was to put otherwise inadmissible evidence before the jury under the guise of impeachment.

Although the Court initially gave the Fifth Circuit Pattern Limiting Jury Instruction regarding this testimony as requested by the defendant; defense counsel did not object to the Court's subsequent shorthand references to the Instruction thereafter used, which substantially limited the Fifth Circuit's review of this issue. This is important because the gravity of that full specific Instruction should **not** have been diluted or diminished by the Court's glibly restating same in summary fashion to the jury rather than reinforcing the gravity and seriousness of it by a full subsequent recitation of the Limiting Instruction. It is a given that juries traditionally both look to and adhere to the father-image/gatekeeper stature of the Judge as **the** source of all wisdom in legal matters before them. For the defense counsel not to have objected to a reduced watered-down version of this Instruction lent credence to the unimportance of this Instruction. As such, defense counsel was ineffective in not objecting and sticking with the program that he originally set into motion when he initially requested the full Limiting Instruction from the Court. Because of this, Gutierrez's was restricted to plain error review by the Fifth Circuit which actually prejudiced Gutierrez. Had trial counsel properly objected to the short-hand recitation of the Limiting Instruction, and the Court then gave the full Instruction, there is a reasonable probability that the outcome of his Appeal would have been different.

C.     <u>Failure to File a Motion for a New Trial</u>

In passing, it should be noted that a strong proper predicate to the Motion for a New Trial would normally lie within the confines of Defendant's Rule 29(a) Motion for Instructed Verdict of Acquittal. The Fifth Circuit duly noted on page-9 of their February 13, 2008 Opinion that the Defendant's Motion for Judgment of Acquittal (Rule 29(a) F. R. Cr. P.) "focused only on the sufficiency of the evidence; it did not alert the district court to the government alleged improper conduct." See *United States v. Burton,* 126 F. 3d 666, 673 (5th Cir. 1997). Common sense alone dictates that the government was not acting in pristine good faith but rather was banking on a manipulation of Rule 612 Fed. R. Evid. in the use of the Edgardo's factual resume attendant to his Plea Agreement. It was, in short, a perversion of the Rule itself and that transparent veneer should have been highlighted by defense counsel in a Motion for a New Trial. Because there was no objection in this specific regard, the Fifth Circuit did not and could not address the proper timing of an objection of that specific point. Trial counsel missed a golden opportunity to snap the district court's attention in this regard which then extrapolated into his failure to file a follow-up Motion for a New Trial pursuant to Rule 33(b)(2) F. R. Cr. P. in which this express issue should have also been raised. Trial counsel was totally ineffective in their total and complete failure to spread these two (2) issues on the record, which could have been raised on

Direct Appeal and did affect Gutierrez's substantial rights. Had trial counsel filed a Motion for a New Trial, it would have been substantively preserved for a review on the merits and there is a reasonable probability that the outcome of his Appeal would have been different.

## <u>CONCLUSION</u>

For the above and foregoing reasons, Gutierrez's conviction and sentence should be Reversed and he should be allowed to plea anew.

Respectfully submitted,

**STEVEN JAY ROZAN & ASSOCIATES**

/s/STEVEN JAY ROZAN

STEVEN JAY ROZAN
TBN# 17357000
2777 ALLEN PARKWAY, 10TH FLOOR
HOUSTON, TEXAS 77019
TEL: 713/622-8333
FAX:713/622-8777
Attorney for Defendant-Petitioner
OSVALDO CISNEROS-GUTIERREZ

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 22, 2009, I electronically filed the above and foregoing Petitioner's Reply to [Government's] Response in Opposition to Motion under 28 U.S.C. § 2255 and it was electronically served on AUSA Marc W. Barta.


/s/STEVEN JAY ROZAN_____

STEVEN JAY ROZAN