**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

---

| | | |
|---|---|---|
| OSVALDO CISNEROS-GUTIERREZ, | ) | |
| Defendant-Petitioner, | ) | |
| | ) | **NO. 3:09-CV-877-D(BF)** |
| v. | ) | [USDC 3:05-CR-125-D-2] |
| | ) | |
| | ) | ECF |
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Respondent. | ) | Referred to Magistrate |

## PETITIONER'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO VACATE AND SET ASIDE THE JUDGMENT OF CONVICTION UNDER 28 USC 2255

**COMES NOW** petitioner herein, OSVALDO CISNEROS-GUTIERREZ, by and through his attorney of record, Edmundo Espinoza, and files his Reply to the Government's Opposition to his Motion to Vacate and Set Aside the judgment of conviction, under the provisions of Title 28 United States Code Section 2255. This Reply is timely as petitioner was allowed to reply within fourteen (14) days from the filing of the Government's Opposition, filed on October 15, 2010.

**Brief Introduction.-**

The government, in its opposition, makes some general comments and remarks about petitioner's Amended Petition that are irrelevant to petitioner's argument, that must be addressed. The government states in its general response, page 2, *"(I)n fact, … the Amended Motion does not address the specific responses set out by the government in its original response; it simply advances a generalized critique of Cisneros-Gutierrez's trial's counsel."*

Answer:   *First, government counsel must realize that it was an Amendment to the Original Petition and not a Reply to the Government's Opposition, and that it must follow*

*proper procedure. If petitioner, in his Amended Petition, would specifically respond only to the government's responses then it would be a reply and not an Amended Petition. To say that petitioner's Amended Petition was only a generalized critique of Cisneros-Gutierrez's trial counsel, means that government counsel either did not read the Amended Petition, or is not used to this type of argument.*

Government counsel further notes on page 3 of its opposition, *"he never even attempts to fulfill his burden of proof to prove that there was a specific discovery that counsel did not receive and then to demonstrate that had that material been received there is a reasonable probability that it would have changed the outcome of the trial.*

Answer:    *A Pro Forma Motion for Discovery, filed by defense counsel, and a Pro Forma Answer by the prosecution, does not justify the failure of defense trial counsel to bring specific motions for discovery, pretrial, trial, and post trial motions, as previously enumerated in the Amended Petition.* See, **EXHIBIT 1** attached herein and incorporated by reference, a copy of the trial court's docket sheet and Pro Forma Motion for Discovery.

## REPLY

The government's overall opposition to the Amended Petition -- that this is an issue of petitioner's inability to point directly to what specific evidentiary discovery petitioner did not receive -- actually strengthens petitioner's stance in that petitioner cannot point to specific discovery, like *Jencks* material, because the record is quite clear that defense counsel <u>never</u> asked the court -- for an order to produce -- <u>any</u> witness statements during any of the seven (7) witnesses who testified against defendant, including that of Edgardo Gutierrez's, petitioner's brother, who clearly incriminated him. Had petitioner's counsel asked the trial court for an order

to produce those statements, the results of the trial could have been different as defense counsel would have received materials that could have bolstered his cross-examination of those witnesses. See Declaration of Counsel attached to this motion.

Title 18 United States Code Section 3500, commonly referred to as the *"Jencks Act,"* was designed to clarify and limit the Supreme Court's decision in *Jencks v United States,* 353 U.S. 657 (1957). Rule 26.2 of the Rules of Criminal Procedure provides for the production of the statements of witnesses of both parties, at trial upon request. The *Jencks Act* and *Rule 26.2* permit a party to refuse to disclose pretrial statements of any of its witnesses in federal criminal cases until each such witness has concluded his direct examination. At that time, upon a party's motion, the court is required to order the other party to produce the witness's prior statements that are in its possession and which relate to his testimony. If either party refuses to produce a statement as directed by the court, the testimony of that witness shall be stricken from the record, or if it is the attorney for the government who fails to comply, the court shall declare a mistrial. *Defense counsel never asked the trial court to produce any of the witnesses' statements.* See Declaration of Counsel attached to this Reply as, and incorporated herein by reference.

This lack of a request to produce the prior statements of trial witness Edgardo Gutierrez is *inefficiency of counsel per se.* Can it be said that counsel's performance was deficient when he failed to request the trial court for an order to produce very material statements? Not to have requested an order to produce is prejudicial and it certainly fell below the objective standard of reasonableness. **Not to have moved to produce <u>any</u>, not only Edgardo's prior statements, were unprofessional errors, that rendered the result of the trial unreliable, or the**

/ / / /

/ / / /

Petitioner's Reply - page 3 of 10

**proceeding fundamentally unfair,** pursuant to the clear standards set by *Strickland and Lockhart, supra.*

The same legal rationale applies to the cross-examination of government informant, Rondy Walter Booth, **see EXHIBIT 2** attached hereto and incorporated by reference, a copy of the entire trial examination, which clearly shows that defense counsel never requested the trial court for an order to produce his prior statements, under *Jencks.* If the government points to the inability of petitioner to point out what was not received in discovery, this is the perfect example. **If defense counsel did not request the prior statements of this informant after direct examination, how can petitioner point out to the existence of specific pieces of discovery ? And how the absence of that could have affected the results of the trial?** This rationale -- against ordering an evidentiary hearing because petitioner cannot directly point out specific pieces of discovery -- was used in the case of <u>Bracy v Gramley, Warden</u>, 520 U.S. 899 (1997).

In that case, a state court judge in Chicago was taking bribes from attorneys to "fix" murder trials. Bracy was sent to Judge Maloney for his murder case, without a "fix," and was convicted. Judge Maloney was later convicted in federal court for conspiracy, racketeering and extortion. Four months after that conviction, Bracy filed a habeas petition in district court, claiming, among other things, that he was denied a fair trial because, *"in order to cover up the fact that [Maloney] accepted bribes from defendants in some cases, [he] was prosecution oriented in other cases." ....* Bracy then sought discovery in support of his claim. Specifically, he requested, (1) the sealed transcript of Maloney's trial; 2) reasonable access to the prosecution's materials in Maloney's case; (3) the opportunity to depose persons associated with Maloney, and (4) a chance to search Maloney's rulings for a pattern of pro prosecution bias. The district court

denied his motion for discovery, **concluding that petitioner's allegations contained insufficient specificity or good cause to justify further discovery.** _Bracy_, at 890. The Court of Appeals affirmed the decision by stating that petitioner had not shown sufficient cause for discovery production. The Supreme Court partially reversed, but ruled that petitioner was entitled to discovery of matters pertaining to Judge Maloney's prosecution, in order to prove bias, and had shown good cause by alleging that sufficient facts. This case is actually stronger, factually and legally, than _Bracy's_.

> *"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. Thus, in Harris v Nelson, 394 U.S. 286, 295 (1969), we concluded that the "broad discovery provisions" of the Federal Rules of Civil Procedure did not apply in habeas proceedings. We held, however, that All Writs Act, 28 U.S.C. 1651, gave federal courts the power to "fashion appropriate modes of procedure," at 299, including discovery, to dispose of habeas petitions, "as law and justice require," id., at 300. We then recommended that "the rule making machinery ... be invoked to formulate rules of practice with respect to federal habeas corpus ... proceedings." id., 300.n,.7. Accordingly, in 1976, we promulgated and Congress adopted the Rules Governing 2254 Cases." at 891.*

The same holding applies to Section 2255 cases, and it is followed by

Rule 6(a) states in pertinent part, *"A judge may, for good cause, authorize a party to conduct discovery under the federal Rules of Criminal Procedure or Civil Procedure, or in accord with the practices and principles of law...."*

The Supreme Court in _Bracy_ held that petitioner had shown "good cause" for discovery under Rule 6(a), by stating that, *"w[h]ere specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the courts to provide the necessarily facilities and procedures for an adequate inquiry."* at 892.

/ / / /

## ARGUMENT

Petitioner proceeded to trial with a defense trial counsel who believed that he could win an acquittal by sheer cross-examination of government witnesses. He obviously failed when he faced the testimony of Edgardo Gutierrez and Rondy Walter Booth. The rest of the government witnesses did not really pose a danger to petitioner as their testimonies, by themselves, did not really harm petitioner. There would have been sufficient doubt presented to either acquit or hang the jury.

If defense counsel had been efficient in filing a pre-trial Request for Rule 404(b) of the Federal Rules of Evidence, a specific Brady/Giglio Material Motion, a Motion to Compel Agents to Preserve their Notes, by pre-trial failing to object to the testimony of Edgardo Gutierrez, by failing to Request *Jencks'* prior witness statements, by failing to file a Motion for a New Trial, there is a high probability that the results of the trial and/or proceedings would have been different. Petitioner could have been acquitted.

As a result, this case presents a mix question of law and facts. The <u>legal</u> issues can obviously be resolved if this court supports a finding that but for defense counsel's failure to bring these motions, counsel's performance was deficient and this deficient performance **prejudiced** the defense, under *Strickland.*

It has been shown that these pre trial motions would have aided counsel in being fully prepared to try the case, and would have bolstered his cross-examination of trial witnesses. Not to have brought forth these motions, defense counsel's performance **fell below an objective standard of reasonableness.** These motions were not only necessary but mandatory before the trial began, and for during trial and post trial. To find that these motions were not necessary

under these circumstances, and/or mandatory before a trial begins, would send the wrong signal to all practicing trial counsel. <u>Prejudiced</u> can be inferred from the fact that they were not brought forth, and clearly shown when defense trial counsel did not ever request a court order to produce prior witness statements at the end of their direct examinations. It cannot be stated that failure to bring these motions can be considered *"trial strategy."*

Additionally, it is a question of <u>fact</u> because petitioner's claims cannot be resolved on the existing record. If this court would grant an evidentiary hearing, and issue a discovery order, one which would have the government disclose all information -- admissible or not, inculpatory and exculpatory -- concerning Edgardo Gutierrez, and all prior witness statements for all of the witnesses who testified at trial, and agents' rough notes, petitioner would be in a better position to assess whether factually, defense trial counsel's trial performance was deficient or not.

<u>**CONCLUSION**</u>

It is thus respectfully submitted, that this Court grant this motion, and vacate and set aside the judgment of conviction, on the basis that counsel's performance was deficient and this deficiency prejudiced petitioner, under *Strickland, supra.*

Or, grant an evidentiary hearing with an order for discovery that would encompass the disclosure of the above mentioned documentation. If so, then to allow petitioner to review said discovery and submit a final argument.

DATED: October 29, 2010.                    Respectfully Submitted,

                                     ___/s/ *EDMUNDO ESPINOZA*___
                                     EDMUNDO ESPINOZA, attorney for
                                     Petitioner Osvaldo Cisneros-Gutierrez
                                     Stanford Corporate Centre
                                     14001 N. Dallas Parkway, Suite 1200
                                     Dallas, Texas 75240

Tel (214) 475-3015
Fax (469) 737-1259
edmundoespinoza@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2010, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Texas, using the electronic case filing system of the court.

_____ /s/ *EDMUNDO ESPINOZA* _____
EDMUNDO ESPINOZA, attorney for
Petitioner Osvaldo Cisneros-Gutierrez.

## DECLARATION OF COUNSEL FOR PETITIONER
## IN SUPPORT OF MOTION TO VACATE AND SET ASIDE
## THE JUDGMENT OF CONVICTION UNDER
## TITLE 28 U.S.C. 2255

I, EDMUNDO ESPINOZA, declare:

I am an attorney duly admitted to practice before this Court, and the attorney of record for

petitioner herein, OSVALDO CISNEROS-GUTIERREZ.

I am submitting this declaration in support of petitioner's Motion to Vacate and Set Aside

the Judgment of Conviction in this matter, and if called to testify as to the matters herein declared,

I would testify truthfully as to the facts attested herein and of my own personal knowledge.

I am declaring that I have thoroughly read and carefully reviewed the trial transcripts for

the underlying criminal matter in the case of <u>United States v Osvaldo Cisneros-Gutierrez</u>, 3:05-

CR-125-D (BF) held during the days of June 5, 6 and 7, of 2006. That based on my review, I can

declare that petitioner's trial counsel never requested the trial court for an order demanding that

all trial witnesses' prior statements be produced for the defense, either at the end of all direct

examinations or at any other time, either before or during the trial of this action, under the

provisions of the *Jenks' Act,* Title 18 U.S.C. 3500, or Federal Rules of Criminal Procedure, Rule

26.2.

It is the opinion of this declarant, an attorney with over 35-years of trial experience, that

when facing a trial under these facts, and a defendant facing a 25-year-sentence-exposure, that

any and all pretrial, during trial and post trial, motions must be brought, irrespective of the good

faith or bad faith of the prosecution in responding to a Pro Forma Motion for Discovery. The

history of criminal prosecutions is saturated with examples of the government's failure to provide

Petitioner's Reply - page 9 of 10

all inculpatory and/or exculpatory evidence to the defense.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and that this declaration was executed this October 29, 2010, at Dallas, Texas.


_____/s/ *EDMUNDO ESPINOZA*_____
EDMUNDO ESPINOZA, declarant

Petitioner's Reply - page 10 of 10