# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| OSVALDO CISNEROS-GUITIERREZ, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **3:09-CV-0877-D** |
| | ) | **3:05-CR-125-D (02)** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Osvaldo Cisneros-Guitierrez ("Petitioner") brings an amended motion to vacate, set aside and correct sentence under 28 U.S.C. § 2255 based upon ineffective assistance of counsel. The United States of America ("Respondent") opposes the motion on the grounds that Petitioner has failed to show constitutionally deficient performance and resulting prejudice.

## BACKGROUND

On June 8, 2006, a jury found Petitioner guilty of one count of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 846. On October 13, 2006, the District Court sentenced him to 292 months imprisonment and a three-year term of supervised release. Petitioner appealed and on February 13, 2008, the Fifth Circuit affirmed his conviction. *United States v. Cisneros- Gutierrez*, 517 F.3d 751 (5th Cir. 2008). Petitioner timely filed his § 2255 motion on May 11, 2009. On July 15, 2009, the government filed its response in opposition to Petitioner's motion. On March 25, 2010, Petitioner filed a motion to substitute new counsel, which the Court granted on April 20, 2010. On April 20, 2010, Petitioner moved for a new scheduling order and permission to file an amended motion under § 2255. The Court granted the motion on May 4, 2010. On July 27, 2010, Petitioner filed a second motion for a new scheduling

order, which the Court granted on August 6, 2010. On August 30, 2010, Petitioner filed a third

motion for a new scheduling order, requesting an additional ten days to file his amended motion. On

September 8, 2010, the Court extended the due date for Petitioner's amended motion to September

15, 2010. Petitioner filed his amended motion on September 15, 2010. The government filed a

response to the amended motion, and Petitioner filed a reply, with exhibits.

## Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees that in all criminal

prosecutions, the accused has the right to the assistance of counsel for his defense. U.S. CONST. art.

VI. To merit relief pursuant to § 2255 on a claim of ineffective assistance of counsel, a petitioner

must demonstrate that his trial counsel's performance fell below an objective standard of

reasonableness and that this deficient performance prejudiced his defense. *Strickland v. Washington*,

466 U.S. 668, 691 (1984). In assessing whether a particular counsel's performance was

constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within

the wide range of reasonable assistance. *Strickland*, 466 U.S. at 689. "A fair assessment of attorney

performance requires that every effort be made to eliminate the distorting effects of hindsight, to

reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from

counsel's perspective at the time." *Id*. at 691. To prevail on the deficiency component of this test,

he must identify the acts or omissions that were not the result of reasonable professional judgment.

*Id*. at 690. The second, or "prejudice," requirement focuses on whether counsel's constitutionally

ineffective performance affected the outcome of the proceedings. Because both the deficient

performance and the prejudice prongs of *Strickland* must be satisfied, "an ineffective assistance

contention may be rejected on an insufficient showing of prejudice, without inquiry into the

adequacy of counsel's performance." *Strickland*, 466 U.S. at 689-94.

## Claim One-Counsel's Failure to File Discovery Motions

Petitioner claims that his trial counsel "failed to file discovery motions which would have produced documentary evidence, potential exculpatory evidence and/or solid rationale to impeach the credibility of government witnesses." (Am. Mot. at 3.) The government responds that Petitioner has made a generalized critique of trial counsel and has failed to specify the deficiencies he is claiming. The Court allowed Petitioner to submit an Amended Complaint which should have included all the claims and supporting evidence he wished the Court to consider. Instead, he filed a "scattershot" amended complaint and waited until the government responded to file a more specific reply. In the reply brief, Plaintiff identified for the first time a Jenks Act claim pursuant to 18 U.S.C. § 3500. Moreover, he supported the reply brief with an appendix containing an Affidavit and other evidentiary materials.

The Hon. Sidney A. Fitzwater has held:

It is well settled that the reply brief may not contain new evidence. *See Weber v. Merrill Lynch Peirce Fenner & Smith, Inc.,* 455 F.Supp.2d 545, 551 (N.D.Tex.2006) (Fitzwater, J.); *Dethrow v. Parkland Hospital System,* 204 F.R.D. 102, 103-04 (N.D.Tex. 2001) (Fitzwater, J.) ("A summary-judgment movant may not, as of right, file an appendix in support of his reply brief."); *Springs Industries, Inc., v. American Motorists Ins. Co.,* 137 F.R.D. 238, 239 (N.D.Tex. 1991) (Fitzwater, J.).

Of equal importance is the rule that the nonmovant should be given a fair opportunity to respond to a motion. This principle informs the court's practice of declining to consider arguments raised for the first time in a reply brief. *See, e.g., Senior Unsecured Creditors' Comm. of First Republican Bank Corp. v. FDIC,* 749 F.Supp. 758, 772 (N.D.Tex.1990) (motion to dismiss). It follows that a reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond. *Springs Industries, Inc.,* 137 F.R.D. at 239.

The purpose of the reply brief is to allow the movant to rebut the nonmovant's

response, thereby persuading the Court that the movant is entitled to the requested relief. *Dethrow,* 204 F.R.D. at 103; *Springs Industries, Inc.,* 137 F.R.D. at 239-40. Thus, the reply "is to contain argument, not new supporting materials." *Springs Industries, Inc.,* 137 F.R.D. at 240.

*Galderma Laboratories, L.P., v. Actavis Mid Atlantic LLC,* No. 4:06-CV-471-Y, 2008 WL 3822622, *1 (N.D. Tex. July 23, 2008) (unpublished) (Means, J.) The Court will not consider Petitioner's new claims or the new evidence Petitioner submitted with the reply.

Petitioner's claim that counsel did not file any motions for discovery is factually incorrect. On June 15, 2006 counsel filed Defendant's Request for Discovery (doc. 22). The government responded, "the government will comply fully with its discovery obligations. . . ." Petitioner has not specified which discovery was not provided or how he was prejudiced. Petitioner's first claim should be denied as factually incorrect, conclusory, and thus, frivolous.

### Claim Two-Counsel's Failure to File *Brady/Giglio* Motions

Petitioner faults counsel for failing to file a motion seeking *Brady* and *Giglio* information concerning the government's witnesses. A prosecutor must disclose evidence to a criminal defendant if that evidence is favorable to the defendant and material to the defendant's guilt or punishment. *Brady v. Maryland*, 373 U.S. 83 (1963). Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley,* 473 U.S. 667, 682 (1985). To state a claim for violation of *Giglio v. United States*, 405 U.S. 150 (1972), a defendant must show that the prosecutor knows or should know that the conviction is based on false evidence. The materiality test asks whether there is "any reasonable likelihood" that this evidence affected the outcome. *Id*. at 154.

Petitioner has failed to indicate what exculpatory evidence a *Brady* motion should have

uncovered. The prosecutor had an independent duty to identify and to disclose *Brady* material. The record provides no basis for inferring that, had a general *Brady* request been made, any more exculpatory evidence would have been disclosed since the identification of *Brady* material is preliminarily a matter for the prosecutor's judgment. *See Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986). Moreover, a defendant must show that, in the absence of this *Brady* material, he did not receive a fair trial. *Clark v. Johnson*, 227 F.3d 273, 278 (5th Cir. 2000).

Petitioner provides no details regarding what such a motion would have yielded in the way of evidence that the government failed to produce pursuant to its discovery obligations and how it changed the trial's outcome. In fact, he states, "Petitioner is not raising this issue and claiming that the prosecution acted in bad faith in this case." (Am. Mot. at 5.) Petitioner has not shown that the government suppressed evidence which, but for counsel's deficient conduct, should have been produced. Moreover, Petitioner's claim against his trial counsel does not undermined the Court's confidence in the trial's outcome. The same is true for Petitioner's vague *Giglio* claim. Accordingly, Petitioner's *Brady/Giglio* claim fails to satisfy either of *Strickland's* requirements and should be denied.

Petitioner's claim that his counsel failed to file a motion seeking pretrial notice of the government's intent to offer evidence pursuant to FED. R. CIV. P. 404(b) fails because Petitioner does not show that the government introduced 404(b) evidence during the trial. Petitioner's claims that counsel failed to file motions seeking to have investigators maintain their rough notes or to discover the identity of confidential informants fails for the same reason. Petitioner does not claim that investigators failed to preserve their rough notes nor that confidential informants were not identified. Nor does he show that counsel's failure to file such a motion undermined confidence in the trial's

outcome.

Petitioner contends that counsel was ineffective for failing to file a motion in limine to prevent his brother Edgardo from testifying. He claims that his brother's testimony was a ruse by the government to put otherwise inadmissible impeachment evidence before the jury. (Am. Mot. at 7.)

The Fifth Circuit Court of Appeals extensively reviewed and rejected this claim on direct appeal. The Fifth Circuit held:

> Edgardo inculpated Defendant during interviews with law enforcement, and then under oath in admitting the truth of his factual resume during his plea hearing. *The Government, therefore, initially had a legitimate, well-grounded expectation that Edgardo would provide important substantive testimony regarding Defendant's participation in the conspiracy.* Prior to trial, Edgardo did tell the Government that he did not want to testify and that he was having trouble remembering things, *but there is no indication that he recanted his earlier statements inculpating Defendant or suggested that he would change his story if called to testify.* While Defendant contends that the Government had such knowledge, *he points to nothing in the record that confirms the accusation.* Defendant offers, in other words, *unsubstantiated speculation* regarding the Government's "primary purpose," which distinguishes this case from the cases on which he relies.
>
> * * *
>
> It is too slim a reed to support a finding of an improper purpose on the Government's part when the witness has only indicated he does not want to testify and has forgotten things. These are not uncommon complaints. A witness should be expected to fulfill his oath and testify truthfully even if it is unpleasant or painful for him. Exclusion of a witness because of memory problems is generally an inappropriate remedy; the Rules of Evidence, for example, provide avenues for handling a witness with foggy recollections and skilled questioning by counsel may, despite what is forgotten, still lead to probative testimony.

*Cisneros-Gutierrez*, 517 F.3d at 760-761 (emphasis added) (internal footnote omitted).

A factual or legal issue that has been decided on direct appeal, cannot be relitigated in a § 2255 proceeding. *United States v. Webster*, 421 F.3d 308, 310 (5th Cir. 2005). As the government

correctly points out in its response, "[t]he appellate process does not permit reruns." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979); *see also Ordonez v. United States*, 588 F.2d 448, 448-49 (5th Cir. 1979) ("[T]he issue was decided adversely to appellant on direct appeal and need not be considered again."). According to the Fifth Circuit Court of Appeals, "issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions." *United States v. Kalish*, 78 F.2d 506, 508 (5th Cir. 1986); *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997) (defendants who collaterally attack their federal convictions may not raise grounds previously raised on direct appeal).

"Failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness." *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). The Fifth Circuit Court of Appeals explicitly found that the facts of this case are "too slim a reed to support a finding of an improper purpose on the Government's part." The District Court would have reached the same conclusion and would not have granted a motion in limine to keep Edgardo from testifying. Accordingly, counsel did not provide constitutionally ineffective assistance by failing to file such a frivolous motion.

## Claim Three-Counsel's Failure to Move for a New Trial

Petitioner contends that counsel provided ineffective assistance by failing to move for a new trial. In support, he asserts that counsel should have "reargued his position against the admission of a redacted Factual Resume, and fully reargued against the admission of Edgardo's testimony." (Am. Mot. at 8.) The issue concerning Edgardo's testimony was fully considered on direct appeal. Petitioner fails to show what counsel could have argued in a motion for new trial that possibly could have changed that result. Additionally, Petitioner has not shown that he was

prejudiced by counsel's failure to file a motion for new trial because he cannot demonstrate that even if a new trial had been granted, there is a reasonable probability that the outcome of his trial would have been different. Petitioner also complains that counsel did not "file a Presentence Position Paper and Objections." (Am. Mot. at 8.) Petitioner fails to even suggest what such documents should have contained or how this filing would have changed the sentence he ultimately received. This allegation is thus, again, wholly conclusory and provides no basis for § 2255 relief.

**Claim Four-Petitioner's Request for an Evidentiary Hearing**

Petitioner argues that this Court should conduct an evidentiary hearing in this case. Rule 8 of the Rules Governing Section 2255 Proceedings provides that "[i]f the motion is not dismissed, the judge must review the answer, any transcript and records of prior proceedings, and any materials submitted . . . to determine whether an evidentiary hearing is warranted." In *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008), the court set out its rule concerning the necessity for evidentiary hearings on § 2255 motions: To establish abuse of discretion [in denying an evidentiary hearing], a petitioner must present "independent indicia of the likely merit of [his] allegations." [*United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006).] Once such independent evidence is presented, "[a] motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

Petitioner has shown no "independent indicia of the likely merit of [his] allegations." *See Edwards*, 442 F.3d at 264 (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (court will grant evidentiary hearing "if the defendant produces independent indicia of the likely merit of [his] allegations"). Petitioner's request for an evidentiary hearing on his § 2255 motion

should be denied.

**Recommendation**

The record conclusively shows that Petitioner has not demonstrated that he is entitled to relief. This Court recommends that the District Court deny with prejudice the amended motion filed under 28 U.S.C. § 2255.

SO RECOMMENDED, May 11, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).