**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **OSVALDO CISNEROS-GUITIERREZ,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:09-CV-0877-D |
| | ) | 3:05-CR-125-D (02) |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | |

**ORDER GRANTING LEAVE TO AMEND**

The District Court referred Petitioner's § 2255 motion to the United States Magistrate Judge for findings, conclusions, and recommendation. The Court will consider Petitioner's Motion for Leave to Amend (doc. 23).

Osvaldo Cisneros-Guitierrez ("Petitioner") filed a Motion for Leave to Amend on June 28, 2011 (doc. 23). Respondent filed a response to the motion on August 2, 2011, and Petitioner filed a reply on August 24, 2011.

Leave to amend pleadings "shall be freely given when justice so requires." FED.R.CIV.P. 15(a). "Rule 15(a) evinces a bias in favor of granting leave to amend," when justice so requires. *Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982). The decision to grant such leave is within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971). However, leave to amend should not be granted automatically. *Addington v. Farmer's Elevator Mutual Insurance Co*., 650 F.2d 663, 666 (5th Cir. 1981). The Court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Although it is late in the proceedings, the government does not oppose the amendment. Thus, the government would not be unduly prejudiced if the amendment were allowed. Petitioner's counsel has fully presented the new claim in Petitioner's replies, document numbers 19, 20 and 21, filed October 29, 2010, and November 1, 2010. The government has fully responded to the new claim in its response to Petitioner's Motion to Amend/Correct (doc. 26).

Accordingly, Petitioner's Motion for Leave to Amend (doc. 23) is **GRANTED to the following extent**. **Within ten days**, Petitioner may file a Second Amended § 2255 Motion. Leave to amend is limited to Petitioner's incorporation of his *Jencks* Act claim from his replies into his Amended Motion which contains his other claims. No additional claims or briefing may be added. The government may file an amended response **within ten days thereafter**, incorporating its response to the *Jenks* Act claim into its previous response. In light of the second amendment, the Court hereby **vacates as moot** its findings, conclusions, and recommendation on Petitioner's Amended § 2255 motion (doc. 22).

**SO ORDERED**, November 16, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE