IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OSVALDO CISNEROS-GUITIERREZ, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:09-CV-0877-D |
| | ) | 3:05-CR-125-D (02) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Osvaldo Cisneros-Guitierrez ("Petitioner") brings a Second Amended Petition under 28 U.S.C. § 2255. The United States of America ("Respondent" or the "government") opposes the motion.

**BACKGROUND**

On June 8, 2006, a jury found Petitioner guilty of one count of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 846. On October 13, 2006, the District Court sentenced him to 292 months imprisonment and a three-year term of supervised release. Petitioner appealed and on February 13, 2008, the Fifth Circuit affirmed his conviction. *United States v. Cisneros-Gutierrez*, 517 F.3d 751 (5th Cir. 2008). Petitioner timely filed his § 2255 motion on May 11, 2009. On July 15, 2009, Respondent filed its response in opposition to Petitioner's motion. On March 25, 2010, Petitioner filed a motion to substitute new counsel, which the Court granted on April 20, 2010. On April 20, 2010, Petitioner moved for a new scheduling order and permission to file an amended motion under § 2255. The Court granted the motion and after several extensions of time, Petitioner filed his amended motion on September 15, 2010. The United States filed a response to the amended motion, and Petitioner filed a reply, with

exhibits.

After this court entered its Findings, Conclusions, and Recommendation on Petitioner's Amended Motion to Vacate under 28 U.S.C. § 2255, Petitioner filed a motion for leave to amend his § 2255 motion again. The Court granted leave for Petitioner to file a Second Amended § 2255 Motion, and on November 16, 2011, the Court vacated as moot its Findings, Conclusions, and Recommendation. (Doc. 29.) On November 17, 2011, the Court granted Petitioner's motion for an evidentiary hearing and set the motion for hearing on January 18, 2012. Petitioner filed his Second Amended § 2255 Motion on November 28, 2011. The United States filed a response to the motion and Petitioner filed a reply.

## **Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. U.S. CONST. art. VI. To merit relief pursuant to § 2255 on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 691 (1984). In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Strickland*, 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 691. To prevail on the deficiency component of this test, a petitioner must identify the acts or omissions that were not the result of reasonable professional

2

judgment. *Id*. at 690. The second, or "prejudice," requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the proceedings. Because both the deficient performance and the prejudice prongs of *Strickland* must be satisfied, "an ineffective assistance contention may be rejected on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance." *Id*. at 689-94.

### Claim One-Counsel's Failure to File Discovery Motions

Petitioner claims that his trial counsel "failed to file any pretrial motions on behalf of the defendant." (Am. Mot. at 2.)[1] The United States responds that Petitioner has made a generalized critique of trial counsel and has failed to specify the deficiencies he is claiming. Petitioner's claim that counsel did not file any motions for discovery is factually incorrect. On June 15, 2006 counsel filed Defendant's Request for Discovery (doc. 22). The United States responded, "the government will comply fully with its discovery obligations. . . ." Petitioner has not specified which discovery was not provided or how he was prejudiced. Petitioner's first claim should be denied as factually incorrect, conclusory, and thus, frivolous.

### Claim Two-Counsel's Failure to Object to the Government's Calling Edgardo Gutierrez (Petitioner's Brother) As a Witness

Petitioner contends that counsel was ineffective for failing to file a motion in limine before trial to prevent his brother Edgardo Gutierrez ("Edgardo") from testifying. (Am. Mot. at 7.) He claims that his brother's testimony was a ruse by the government to put otherwise inadmissible impeachment evidence before the jury. (*Id*.) Petitioner notes that there were indications before trial that Edgardo was a problematic witness for the government, and the government admitted at pretrial

---

[1] Petitioner incorporated claims one through four of his Amendeded Petition by reference in his Second Amended Petition. Accordingly, the Court references the Amended Petition on these claims.

3

that Edgardo might be adverse. Petitioner argues that defense counsel could have objected after the Court declared Edgardo an adverse witness and that, instead, trial counsel's motion for acquittal focused only on the sufficiency of the evidence and did not alert the Court to the government's alleged improper conduct. This claim was a central issue on direct appeal which the Fifth Circuit Court of Appeals extensively reviewed and rejected. The Fifth Circuit held:

> Edgardo inculpated Defendant during interviews with law enforcement, and then under oath in admitting the truth of his factual resume during his plea hearing. *The Government, therefore, initially had a legitimate, well-grounded expectation that Edgardo would provide important substantive testimony regarding Defendant's participation in the conspiracy*. Prior to trial, Edgardo did tell the Government that he did not want to testify and that he was having trouble remembering things, *but there is no indication that he recanted his earlier statements inculpating Defendant or suggested that he would change his story if called to testify*. While Defendant contends that the Government had such knowledge, *he points to nothing in the record that confirms the accusation*. Defendant offers, in other words, *unsubstantiated speculation* regarding the Government's "primary purpose," which distinguishes this case from the cases on which he relies.
>
> * * *
>
> It is too slim a reed to support a finding of an improper purpose on the Government's part when the witness has only indicated he does not want to testify and has forgotten things. These are not uncommon complaints. A witness should be expected to fulfill his oath and testify truthfully even if it is unpleasant or painful for him. Exclusion of a witness because of memory problems is generally an inappropriate remedy; the Rules of Evidence, for example, provide avenues for handling a witness with foggy recollections and skilled questioning by counsel may, despite what is forgotten, still lead to probative testimony.

*Cisneros-Gutierrez*, 517 F.3d at 760-761 (emphasis added) (internal footnote omitted).

A factual or legal issue that has been decided on direct appeal, cannot be relitigated in a § 2255 proceeding. *United States v. Webster*, 421 F.3d 308, 310 (5th Cir. 2005). As the government correctly points out in its response, "[t]he appellate process does not permit reruns." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979); *see also Ordonez v. United States*, 588 F.2d 448,

4

448-49 (5th Cir. 1979) ("[T]he issue was decided adversely to appellant on direct appeal and need not be considered again."). According to the Fifth Circuit Court of Appeals, "issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *United States v. Rocha,* 109 F.3d 225, 229 (5th Cir. 1997) (defendants who collaterally attack their federal convictions may not raise grounds previously raised on direct appeal).

"Failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness." *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). The Fifth Circuit Court of Appeals explicitly found that the facts of this case did not warrant a finding of an improper purpose on the government's part. The District Court would have been privy to the same information and there is no reason to believe the Court would not have reached the same conclusion that the appellate court reached. Accordingly, counsel did not provide constitutionally ineffective assistance by failing to file a motion in limine.

### Claim Three-Counsel's Failure to Move for a New Trial

Petitioner contends that counsel provided ineffective assistance by failing to move for a new trial. (Am Pet. 8.) In support, he asserts that counsel should have "reargued his position against the admission of a redacted Factual Resume, and fully reargued against the admission of Edgardo's testimony." (*Id.*) The issue concerning Edgardo's testimony was fully considered on direct appeal. Petitioner fails to show what counsel could have argued in a motion for new trial that possibly could have changed that result. Additionally, Petitioner has not shown that he was prejudiced by counsel's failure to file a motion for new trial because he cannot demonstrate that even if a new trial had been granted, there is a reasonable probability that the outcome of his trial

would have been different. Petitioner also complains that counsel did not "file a Presentence Position Paper and Objections." (Am. Mot. at 8.) Petitioner fails to even suggest that which such documents should have contained or how this filing would have changed the sentence he ultimately received. This allegation is thus, again, wholly conclusory and provides no basis for § 2255 relief.

### Claims Four and Five-Petitioner's Motion for Evidentiary Hearing and his Claim that Counsel *Per Se* Provided Constitutionally Ineffective Assistance of Counsel Because He Did Not Make a Request that the Trial Court Order the Government to Disclose Witness Statements Under the Jencks Act, 18 U.S.C. § 3500, at the Close of the Direct Testimony of Each Government Witness

This Court granted Petitioner's motion for evidentiary hearing. At the evidentiary hearing on January 18, 2012, Petitioner appeared by his attorney Edmundo Espinoza, and the government appeared by Assistant United States Attorney Suzanna Etessam. Witnesses were sworn and testimony was taken. Petitioner claimed that no facts were in dispute, but as a matter of law, his defense counsel provided *per se* constitutionally ineffective assistance of counsel by failing to ask the trial court to order the government to disclose witness statements under the Jencks Act, 18 U.S.C. § 3500,[2] after each of the witnesses called by the government testified on direct examination.

Petitioner contends that a Jencks Act request by defense counsel after the direct testimony of every government witness is mandatory and that the Jencks Act provides every defendant a procedural right enforceable by a new trial when defense counsel fails to follow the mandatory

---

[2] The terms of 18 U.S.C. § 3500 provide in pertinent part:

> **(b)** After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.

6

procedure. He contends that after each witness ends his testimony on direct examination, defense counsel must bring a motion to produce the witness's statements, and, after receiving the evidence, must fully examine the testifying witness with respect to his prior criminal record, government promises of lenience, and all relevant impeachment evidence, including statements to the Grand Jury. The government contends that, just as a petitioner must do in every ineffective assistance of counsel claim, Petitioner must show under *Strickland* that his counsel's performance was deficient and that he was prejudiced. The Government contends Petitioner has not shown prejudice by demonstrating that statements existed in this case which would have made a difference in the outcome of the trial if defense counsel had requested them.

Petitioner relies upon a litany of cases which state what kind of evidence qualifies as *Jencks* material, but Petitioner has cited no authority from the United States Supreme Court or from the Fifth Circuit Court of Appeals which states that a defense counsel's failure to make a Jencks Act request at the close of each witness's testimony is *per se* ineffective assistance of counsel.

As mentioned earlier, a successful ineffective assistance of counsel claim generally requires the defendant to demonstrate actual prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the result of the trial would have been different. *See Strickland,* 466 U.S. at 695. A very narrow exception exists where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing."[3] *United States v. Cronic,* 466 U.S. 648, 659 (1984). In such cases, prejudice is presumed. *Id.* However, the *Cronic* exception applies where the defendant has

---

[3] Prejudice is also presumed where there is the complete denial of counsel during a critical stage of the prosecution or circumstances surrounding the trial make it impossible for even competent counsel to provide effective representation. *See Cronic,* 466 U.S. at 659-61.

demonstrated that "the attorney's failure [was] complete." *Bell v. Cone*, 535 U.S. 685, 696-97 (2002). *See Florida v. Nixon*, 543 U.S. 175, 190 (2004). In the Fifth Circuit and its sister circuits, for prejudice to be presumed, "the circumstances leading to counsel's ineffectiveness [must be] so egregious that the defendant was in effect denied any meaningful assistance at all." *United States v. Griffin,* 324 F.3d 330, 364 (5th Cir. 2003) (citation omitted) ("counsel was not merely incompetent but inert, distinguishing shoddy representation from no representation at all"); *Burdine v. Johnson,* 262 F.3d 336, 338 (5th Cir.2001) (en banc) (counsel slept as evidence was being introduced against the defendant); *Harding v. Davis*, 878 F.2d 1341, 1345 (11th Cir. 1989) (counsel sat silently throughout the entire trial but most crucially, he remained silent as the judge directed a verdict against his criminal defendant client); *Scarpa v. Dubois*, 38 F.3d at 1, 14 (1st Cir. 1994) (citation omitted) ("Attorney error, even when egregious, . . . almost always require[s] analysis under *Strickland's* prejudice prong").

This Court's review of the issue has not yielded any federal court cases holding that a defense counsel's failure to make a Jencks Act request during a trial is *per se* ineffecitve assistance of counsel under § 2255. In the Eighth circuit, a claim that counsel was ineffective for failing to request Jencks Act material to use in the cross examination of witnesses has been denied as not cognizable under 28 U.S.C. § 2255. *See Wilson v. United States,* 554 F.2d 893, 894 (8th Cir.1997). This court has held that defense counsel's decision regarding the questioning of government agents is a matter of trial strategy, particularly in the absence of the petitioner's explanation of what questions counsel should have posed or how the results of the trial would have been different. *See United States v. Sillemon*, Nos. 3:04-CV-2637-H, 3:02-CR-092-H, 2006 WL 2252061, **2 -3 (N.D.Tex. 2006). In a § 2255 proceeding, a district court considering the same issue that is before

8

this Court held that where a petitioner presented no evidence that any Jencks Act materials were not disclosed, the court could not find that defense counsel's performance was deficient in failing to request a hearing for Jencks Act materials or that the petitioner suffered any prejudice. *Luke-Sanchez v. United States*, No. 2:08-CV-442 TS, No.2:05-CR-TS, 2008 WL 4167933, *2 (D.Utah 2008).

The United States Supreme Court has rejected *per se* arguments in the *Strickland* context. *See Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). Further, a *per se* deficiency standard would disregard the required presumption that counsel acted competently, as well as a defendant's burden to rebut that strong presumption. Moreover, situations exist where counsel failed to make a Jencks Act request during trial and no actual prejudice occurred because, for example, the witness made no statements or defense counsel's trial strategy included the use of impeachment materials that defense counsel knew about from another source. *See Strickland,* 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight [and] to reconstruct the circumstances of counsel's challenged conduct"). Thus, an ineffective-assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence[.]" *Id.* at 689–90. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. *Id.*

Defense counsel's representation of Petitioner in this case was not tantamount to nonrepresentation as required for a finding of *per se* ineffective assistance. Petitioner's claim in this proceeding must be decided under the *Strickland* framework and its dual requirements of deficient

9

conduct and prejudice. Petitioner states that because defense counsel did not move for Jencks material at the close of the testimony of government witness Rondy Booth ("Booth"), counsel did not even attempt to impeach Booth's testimony with his criminal record or government promises of leniency.

The record reflects that without moving for Jencks material at the close of Booth's testimony, defense counsel proceeded to fully examine Booth about his prior criminal record, his current charges, a government promise of probation, and his desire to spend time with his children instead of going to jail for fifteen years.

On direct examination, Ms. Etessam established that Booth had pled guilty to drug charges in Tarrant County, but he had not yet been sentenced. (Tr. 182) She asked Booth if he had been made any promises by anyone as to what sentence he would get, and Booth responded that there were no promises, "none at all." (*Id*.) He indicated he hoped the judge would take into consideration that he had acted as a confidential informant. (*Id*.) On cross-examination, defense counsel established that Booth was arrested and jailed for possession of methamphetamine, but not charged with it. (Tr. 183.) Booth admitted that he was not acting as a confidential informant when he took the methamphetamine to sell, but rather, he had planned to make money on it. (*Id*.) Counsel cross-examined Booth about the 400 grams with which he was charged, and Booth admitted he was charged with one case for intent to deliver, another for possession, and he was facing fifteen years to life. (*Id*.)

Defense counsel established that Booth had children ages seven and two and that Booth would lose valuable time in their lives if he went to prison for fifteen years. (*Id*.) Booth admitted on cross-examination that he did not want to go to prison for fifteen years. (*Id*.) Defense counsel

10

also obtained Booth's admission that "he was saying what he thought that the government lawyer wanted to hear." (Tr. 188.) After getting Booth to admit to methamphetamine abuse and substance abuse, defense counsel obtained the admission from Booth that he was hoping for some sort of probation that would send him to a substance abuse program. (Tr. 194.) Booth admitted that the officer for whom he was a confidential informant had promised him probation for the first charge. (*Id.*) Defense counsel obtained the admission from Booth that he was certain that the officer knew about his cooperation, even though the officer was not present in the courtroom. (Tr. 195.)

Defense counsel's cross-examination of Booth shows that defense counsel knew of the charges pending against Booth without making a Jencks motion during the trial. Defense counsel used his knowledge to Petitioner's advantage during counsel's cross-examination of Booth.

Petitioner has not shown any of the facts with respect to witness statements and their availability. First of all, Petitioner assumes such statements exist in each and every case and asks the Court to do the same. Secondly, Petitioner asks the Court to assume that counsel did not know about nor obtain the witness statements during discovery. Finally, Petitioner asks the Court to assume that the witness statements contained material which would have allowed counsel to ask questions on cross-examination which he did not ask and which would have changed the outcome of the trial. These are assumptions the Court is not permitted to make and will not make in this case. As the government contends and as the Court finds, Petitioner's claim is speculative at best and is in no way sufficient to meet *Strickland's* standards to prove constitutionally ineffective assistance of counsel. Petitioner has not shown that counsel provided constitutionally ineffective assistance by failing to request Jencks Act statements after the direct examination of each and every government witness. Moreover Petitioner has not shown that a *Jencks* request at the close of the

11

direct examination of every government witness is a *per se* requirement or the procedural right of every defendant after every government witness testifies in every trial, as Petitioner claims.

## **Recommendation**

Petitioner has not demonstrated that he is entitled to relief.  This Court recommends that the District Court deny with prejudice the Second Amended § 2255 Motion.

SO RECOMMENDED, this 5th day of March, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).